NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 16, 2018

Nelson Wagner, Esq.
Trial Attorney
United States Department of Justice Tax Division
P.O. Box 227
Washington, D.C. 20044
*Counsel for Defendants*

Frank Agostino, Esq.
Agostino & Associates
14 Washington Place
Hackensack, NJ 07601
*Counsel for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Macvest Group, Inc. v. United States of America, et al.**
    **Civil Action No. 17-9833 (SDW) (LDW)**

Counsel:

      Before this Court is Defendants United States of America, the Department of the Treasury, the Internal Revenue Service ("IRS"), Steven T. Mnuchin ("Mnuchin"), Brian Knaus ("Knaus"), and Rudolph Schuele's ("Schuele") (collectively, "Defendants") Motion to Dismiss Counts II through IV of Plaintiff Macvest Group, Inc.'s ("Plaintiff") Complaint and all defendants except the IRS.[1] This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendants' motion.

---

[1] Although Defendants do not identify the rule under which they bring their motion, this Court construes it as being brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

**BACKGROUND & PROCEDURAL HISTORY**

On October 27, 2017, Plaintiff, a Delaware corporation, filed a four-count Complaint in this Court against Defendants alleging that the IRS had failed to properly respond to Plaintiff's requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Compl. ¶¶ 23-30.) Defendants Knaus and Schuele are employed by the IRS as Revenue Agents. (*Id.* ¶¶ 5-6.) Defendant Mnuchin is the current Secretary of the Treasury. (*Id.* ¶ 7.) Count One of the Complaint seeks to compel Defendant IRS to produce documents Plaintiff requested under FOIA. Counts Two through Four seek the same relief under the Administrative Procedures Act ("APA") (5 U.S.C. §§ 701 *et seq.*), the Mandamus Act (28 U.S.C. § 1361), and the Privacy Act (5 U.S.C. §§ 552a), respectively. Counts One and Four appear to be brought solely against the IRS, Count Two against all Defendants, and Count Three against Defendants IRS, Knaus, Schuele, and Mnuchin.

On October 11, 2017, Defendants filed the instant motion to dismiss, arguing that Counts Two through Four were redundant and/or barred. (Dkt. No. 5.) Plaintiff filed its opposition on January 2, 2018, and Defendants replied on January 9, 2018. (Dkt. Nos. 7-9.)

**DISCUSSION**

All four counts of Plaintiff's Complaint seek the same relief: the disclosure of documents Plaintiff sought from the IRS via FOIA requests. Count One, which Defendants do not seek to dismiss and which Defendant IRS has answered, asks for disclosure under FOIA, which empowers this Court to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552 (a)(4)(B). Plaintiff's FOIA claim provides it with a complete and adequate remedy for the IRS's alleged wrongful withholding of information. Consequently, Plaintiff's APA and Mandamus claims are barred because claims under those statutes are permitted only where a plaintiff has no other means of relief. *See, e.g.*, *Ctr. Platte Nat. Res. Dist. v. U.S. Dep't Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011) (recognizing that "the APA only allows review where there exists 'no other adequate remedy in a court'") (quoting 5 U.S.C. § 704); *Grant v. Shalala*, 989 F.2d 1331, 1342 (3d Cir. 1993) (stating that "Mandamus is available only if, among other things, the plaintiff has no other adequate avenue of relief"); *Nationwide Ambulance Servs., Inc. v. Sebelius*, 2013 WL 4776048, at *3 (D.N.J. Sept. 3, 2013) (same). Because Plaintiff has an alternate adequate remedy under FOIA, this Court lacks jurisdiction to review its Mandamus Act and APA claims. Therefore, Counts Two and Three will be dismissed.

Claims under the Privacy Act may only be brought by individuals. *See* 5 U.S.C. 5 U.S.C. § 552 a(g)(1)(D) (stating that an "individual may bring a civil action against the agency"); *see also Pub. Emp. for Envtl. Responsibility v. U.S. E.P.A.*, 926 F. Supp. 2d 48, 55 (D.D.C. 2013) (noting that "[u]nlike FOIA, the [Privacy Act] extends no rights to organizations or corporations"). As a Delaware corporation, Plaintiff may not bring suit under the Privacy Act. Therefore, Count Four will also be dismissed.

Because only Count One, which seeks relief only against the IRS, remains, and because FOIA claims may only be brought against agencies and not individuals, the United States of

America, the Department of the Treasury, and the individual defendants will also be dismissed from this action. *See* 5 U.S.C. § 552 (a)(4)(B) (stating that the court has jurisdiction to hear claims brought against a government "agency"); *Nelson v. United States*, 2015 WL 6501243, at *4 (M.D. Pa. 2015) (noting that "courts have consistently held that individual government officials are not properly named as defendants in FOIA lawsuits") (collecting cases).

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                                      /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
         Leda D. Wettre, U.S.M.J.